IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
Eastern Division

FILED
JUL 25 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| THOMAS DAGENAIS<br>453 West Hanson Boulevard<br>Hobart, IN 46342 : | CIVIL ACTION |
| Plaintiff : | 07CV4198 |
| v. : | JUDGE GOTTSCHALL<br>MAGISTRATE JUDGE NOLAN |
| ELGIN, JOLIET AND EASTERN<br>RAILWAY COMPANY<br>c/o National Registered Agents, Inc.<br>200 West Adams Street<br>Chicago, IL 60606 : | **JURY TRIAL DEMANDED** |
| Defendant : | |

## COMPLAINT

1. The Plaintiff, Thomas Dagenais, is a competent adult individual residing at 453 West Hanson Boulevard, Hobart, IN 46342.

2. The Defendant, Elgin, Joilet and Eastern Railway Company (EJE) is a Delaware corporation doing business in the State of Illinois and whose address for service of process is c/o National Registered Agents, Inc., 200 West Adams Street, Chicago, IL 60606.

3. This suit is brought pursuant to an Act of Congress known as the Federal Employers' Liability Act (FELA), 45 U.S.C. Secs. 51-60; the Federal Safety Appliance Acts, 45 U.S.C. Secs. 1-16; and the Boiler Inspection Acts, 45 U.S.C. Secs. 22-34, which Act grants this Court jurisdiction over this action.

4. At all times material hereto, the Defendant, EJE, was engaged in interstate commerce as a common carrier by rail, and for the purpose hereof did operate a line and system of railroads, and transacted substantial business throughout the state of Illinois and other states throughout the United States.

5. At the time and place hereinafter mentioned, the acts of omission and commission causing injuries to the Plaintiff was done by the Defendant, its agents, servants, workmen and/or employees acting in the course and scope of their employment with and under the direct and exclusive control of the Defendant.

6. At the time and place hereinafter mentioned, the Plaintiff was employed by the Defendant railroad, and at all times relevant hereto was acting in the course and scope of his employment with Defendant, and was engaged in the furtherance of interstate commerce within the meaning of the FELA.

7. All of the property, equipment and operations involved in this matter were, at all times relevant hereto, owned and/or under the direct and exclusive control of the Defendant, its agents, servants, workmen and/or employees.

8. The Plaintiff has been employed by the Defendant from 1976 to the present as a trackman/mechanic and, while working within the course and scope of his employment, was exposed to occupational risk factors for carpal tunnel syndrome, including but not limited to cumulative trauma, repetition, force, vibration and awkward wrist/hand postures.

9. The injuries and disabilities of the Plaintiff were caused, contributed to, and/or aggravated by exposure to excessive repetitive trauma to his hands/wrists while working for the Defendant.

10. Plaintiff's injuries were directly and proximately caused in whole or part by the negligence, carelessness and recklessness of the Defendant and its agents, servants, workmen and/or employees, acting in the course and scope of their employment, which negligence consisted of:

   a) failure to use ordinary care and caution to provide the Plaintiff with a safe place to work as required by the Federal Employers' Liability Act (FELA), 45 U.S.C. Secs. 51-60;

   b) failure to provide Plaintiff with a timely and adequate ergonomics program to prevent repetitive trauma to his hands/wrists;

   c) failure to periodically test employees such as the Plaintiff for physical effects of repetitive trauma to the hands/wrists, and failing to take appropriate action, including advising Plaintiff as to the test results;

   d) failure to exercise reasonable care to adequately warn Plaintiff of the risks, dangers and harm to which he was exposed in working with and around repetitive trauma;

   e) in negligently requiring and/or allowing the Plaintiff to be exposed to unsafe levels of repetitive trauma to his hands/wrists when Defendant knew or should have known of the risks thereof;

   f) failure to inspect or monitor the occupational repetitive trauma in the job duties where the Plaintiff was required to work;

g) failure to warn Plaintiff of the risk of repetitive trauma injuries as a result of exposure to repetitive occupational trauma to the hands/wrists;

h) failure to provide the Plaintiff with protective equipment designed to protect him from repetitive trauma injuries as a result of exposure to repetitive occupational trauma to the hands/wrists;

i) failure to employ safe working practices;

j) failure to promulgate, issue, circulate and/or enforce adequate safety rules regarding avoiding repetitive trauma injuries, especially those to the hands/wrists;

k) failure to modify or eliminate certain job duties, equipment or practices so as to minimize or eliminate the cumulative trauma to which the Plaintiff would be exposed;

l) failure to make reasonable efforts to ascertain the risks and hazards of repetitive trauma and repetitive trauma disorders;

m) failure to monitor the Plaintiff's work habits to determine if his work activities placed him at risk of suffering repetitive trauma injury;

n) failure to comply with safety and operating rules and regulations of the Defendant;

o) requiring the Plaintiff to work under hurried and/or awkward conditions;

p) negligence of the Defendant's agents, servants, workmen and/or employees;

q) lack of adequate manpower;

4

      r)      negligence at law; and

      s)      otherwise failing to exercise due and adequate care and caution under the circumstances.

11.    As a direct and proximate result of the Defendant's negligence, through its agents, servants, workmen and/or employees, the Plaintiff has been unable to attend to his usual duties and occupation, all of which caused substantial financial loss, wage loss, loss of future earning capacity, all of which will continue in the future.

12.    As a direct and proximate result of the Defendant's negligence, through its agents, servants, workmen and/or employees, the Plaintiff has been and may continue to be required to receive and undergo medical treatment and medical care, has incurred reasonable and necessary medical expenses, all of which will continue in the future.

13.    As a direct and proximate result of the Defendant's negligence, through its agents, servants, workmen and/or employees, the Plaintiff has sustained pain, suffering, inconvenience and a loss of enjoyment of life, past, present and future.

14.    As a direct and proximate result of the Defendant's negligence, through its agents, servants, workmen and/or employees, the Plaintiff has sustained permanent injury and disability to his hands and wrists, including carpal tunnel syndrome, requiring surgery.

WHEREFORE, the Plaintiff demands judgment against the Defendant in an amount in excess of ONE HUNDRED THOUSAND DOLLARS ($100,000.00), together with costs and interest thereon.

DICKER & DICKER

BY: _____/s/ Steven M. Dicker_____
STEVEN M. DICKER, ESQUIRE
#52742
300 W. Adams Street, Suite 330
Chicago, IL 60606
(312) 853-3485
Attorney for Plaintiff

LAW OFFICE OF THOMAS J. JOYCE, III

BY: _____/s/ Thomas J. Joyce, III_____
THOMAS J. JOYCE, III, ESQUIRE
900 Centerton Road
Mount Laurel, NJ 08054
(856) 914-0220
Attorney for Plaintiff

Date: 7-23-07